IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KERMIT TY POULSON,

    Plaintiff,

v.

SONIA, SOTOMAYOR, *et al*,

    Defendants.

Case No. 1:24-cv-01572-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Plaintiff Kermit Ty Poulson, a self-represented litigant, ("Plaintiff"), seeks to proceed *in forma pauperis* ("IFP") in this action. In his initial Complaint (#1), Plaintiff names a variety of defendants, including United States Supreme Court Justice Sonia Sotomayor, and Aaron Cubic, who appears to be a Grants Pass City employee. For the reasons below, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to file a First Amended Complaint within thirty (30) days, if Plaintiff can state a proper claim for which this Court can award relief. Plaintiff's application for leave to proceed IFP (#2) will be held in abeyance and considered if an amended complaint is filed.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts

1 – OPINION AND ORDER

despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v.*

2 – OPINION AND ORDER

*Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

In this case, Plaintiff alleges that "Aaron Cubic and the Grants Pass City Council are in violation of allowing homeless people 'Life, Liberty, and the pursuit of Happiness' by banning homelessness and violating the 14th and 8th Amendment." In reviewing Plaintiff's other allegations, it appears that he is dissatisfied with a recently decided case from the United States Supreme Court: *Johnson v. Grants Pass*. Plaintiff claims, "When the U.S. Supreme Court, J. Sotomayor, ruled, they violated the ADA because most homeless people are disabled, physically and mentally, and this ruling by Sonia Sotomayor is vague, and violates the 14th and ADA of 1990, creating the attitudinal barrier that homelessness should be criminalized." Plaintiff seeks relief of $50,000.00, claiming that these violations caused him "emotional and physical trauma by the police." He also explicitly seeks a reversal of the decision by the US Supreme Court.

While the Court is sympathetic to Plaintiff's frustration with the results of the Supreme Court's decision in *Johnson v. Grants Pass*, this Court does not have jurisdiction to grant the relief he seeks. To the extent that Plaintiff attempts to bring a lawsuit against Justice Sotomayor, or any of the Supreme Court Justices, for their actions in deciding a case before the Court, such claims are barred by absolute judicial immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). Moreover, a decision and judgment in a case before the Court cannot be overturned in a collateral attack by filing a new case. Any challenge to a decision must come through ordinary mechanisms of review, *i.e.*, the appellate process. *See, id.*

Additionally, Plaintiff's allegations against Aaron Cubic and the Grants Pass City Council fail to state a claim for relief, as Plaintiff does not adequately state any harmful conduct

attributable to these defendants, nor does he adequately state any harm that he suffered as a result of these defendants' conduct.

Plaintiff has failed to state a claim for relief, and it appears as though any amendment to his claims would be futile. However, *pro se* Plaintiffs are entitled to notice of any deficiencies and an opportunity to replead their claims. Therefore, in an abundance of caution, the Court dismissed Plaintiff's Complaint (#1) without prejudice and with leave to refile.

## ORDER

Plaintiff's Complaint (#1) is DISMISSED without prejudice and with leave to file a First Amended Complaint within 30 days of the date of this Order. The IFP Request shall be held in abeyance. If no amended complaint is filed, and no request for an extension is made in writing, the case and all pending motions shall be terminated.

It is so ORDERED and DATED this 20 day of December, 2024.

MARK D. CLARKE
United States Magistrate Judge